IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

HOWARD WAYNE JONES                                                                           PLAINTIFF
ADC #76111

V.                                          NO. 5:05CV00195 GH

N. SEALS                                                                                     DEFENDANT

## ORDER

On June 30, 2005, Plaintiff, a pro se inmate currently confined to the Maximum Security Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1). Because Plaintiff's case must be dismissed, in forma pauperis status need not be addressed.

### I. Sua Sponte Dismissal

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a). This Court is obligated to dismiss a prisoner's in forma pauperis civil action, or a prisoner's in forma pauperis appeal of the judgment in a civil action, at any time either on its own motion or on the motion of a party if it determines that the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Id. § 1915(g).

Section 1915(g) has been held constitutional by <u>Higgins v. Carpenter</u>, 258 F.3d 797, 800 (8th Cir. 2001) (per curiam) ("Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits. Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983 actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; <u>indigent inmates therefore control whether the three-strikes rule is ever applied to them</u>") (emphasis added).

## II. 28 U.S.C. § 1915(g) - Three Strikes Provision

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has filed nine lawsuits concerning the conditions of his confinement since 1989. Of these nine lawsuits, Plaintiff has had three prior complaints dismissed for failure to state an actionable § 1983 claim.[1]

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint (docket entry #2), that he is not in imminent danger of serious physical injury. Plaintiff asserts that Defendant deliberately filed false disciplinary charges against him (i.e., exposing himself to staff). According to Plaintiff, Defendant came to his cell and shook him down on January 14, 2005. During the shakedown Plaintiff claims that Defendant said "let me see that big thing of yours. Stand over there so I can play with it." When she placed her hand on Plaintiff's penis, he told her the other inmates were saying she had AIDS which is why her baby had died. Defendant became upset, had Plaintiff sign the

---

[1] See <u>Jones v. Huckabee</u>, 4:99CV00797 (filed October 22, 1999); <u>Jones v. Reed</u>, 5:02CV00275 (filed July 29, 2002); and <u>Jones v. Waddle</u>, 5:02CV00384 (filed October 18, 2002).

shakedown form, and warned him that the next time she told him to do something he had better do it. When Defendant was questioned about the matter, she denied it. Plaintiff was subsequently reduced to class IV and served thirty days in punitive isolation.

### III. Conclusion

For the reasons explained herein, Plaintiff's case is DISMISSED WITHOUT PREJUDICE; and all pending motions are DENIED WITHOUT PREJUDICE AS MOOT. Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $250.00 to the Clerk of the Court, noting the above case style and number, within thirty (30) days of this order's entry date, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this order or any judgment entered hereunder, would not be taken in good faith.

IT IS SO ORDERED this 15th day of July, 2005.

*George Howard, Jr.*
UNITED STATES DISTRICT JUDGE